### JIM LEWALLEN v. THE STATE.

*No. 477. Decided May 30.*

1. **Assault with Intent to Rape—Evidence—Flight—Fear of Mob.**—On a trial for assault with intent to rape, where the State proved the flight of defendant, *Held*, that as explanatory of his flight defendant had the right to prove by a witness that he informed defendant that a mob was being organized to arrest and hang him, and advised him to flee.

2. **Same—Defendant as a Witness.**—Though a defendant may be entitled to and could testify to his reasons and motives for flight, he is not compelled to do so. It was competent to prove the facts by any witness who knew them, and the fact that he did not testify to such facts in person constituted no valid reason for rejecting such evidence when offered through another witness.

3. **Assault with Intent to Rape—Defendant's Right to Testify as to His Intent.**—On a trial for assault with intent to rape, a defendant has the right to testify that his intention was to have sexual intercourse with the prosecutrix with her consent, and not by force, against her consent. Following Berry v. The State, 30 Texas Crim. App., 423.

APPEAL from the District Court of Hill. Tried below before Hon. A. P. McKINNON, Special Judge.

This appeal is from a conviction for assault with intent to rape, the punishment assessed being two years' imprisonment in the penitentiary.

The assaulted party was Mrs. J. C. Harris, and she and her husband both testified to defendant's assault, accompanied by his declarations of intention to have intercourse with the woman; that when the husband interfered defendant tried to cut him with a knife; that Harris ran to

the church, a short distance, for assistance, and returned with the preacher and several men.  These parties testified, that when they reached the house they found defendant down upon the ground and defendant's brother on top of him, holding him.  That defendant was cursing, and said that he "had had carnal intercourse with Mrs. Harris before, and that he came there for that purpose, and they had just as well let him do it now; and that by G—d he was going to do it." "After awhile he got up and went around towards the house, to the window, and tried to get in at the window; and repeated again what he had said about the woman.  We pulled him back out of the window, and we then went out in the road."

The defendant was drunk.  They finally succeeded in getting a party who was present to take him away.  Defendant fled the country, and could not be found by the officers from the date of the offense, to wit, 20th of July, 1892, until the 2nd of September, 1893, when he voluntarily returned, was arrested, and gave bond.

*Smith & Wear*, for appellant.—The court erred in not permitting the defendant to prove by the witness S. Lewallen, that shortly after the alleged difficulty, and before the flight of the defendant, witness told the defendant that a mob was being formed to hang him if he was caught, and advised defendant to flee, etc.

The State, on the trial of this cause, having put stress upon the fact of flight, the appellant should have been permitted to prove that his flight was occasioned by a warning that his life was menaced by a mob, and the witness S. Lewallen having conveyed such information to appellant, it was competent to prove the fact by him.  Appellant offered to prove by the witness S. Lewallen, that shortly after the commission of the alleged offense, and before the flight of the appellant, that said S. Lewallen had told appellant that a mob was being formed to hang him, and advised appellant to flee.  That he had seen Aleck Tucker and John Cox on the night of the difficulty, and that they had both told him that a mob was being organized, and if appellant was caught he would be hung.  Arnold v. The State, 9 Texas Crim. App., 435.

The court erred in not permitting the defendant to testify, when upon the stand, in answer to the following questions:  "State whether or not it was your intention to have carnal knowledge of Mrs. J. C. Harris without her consent, and by force, at the time and place alleged and shown, or whether or not it was your intention to have carnal knowledge of her with her consent, if an opportunity offered, and to desist if she objected or failed to consent," to which question the witness would have answered that it was not his intention or purpose to have carnal knowledge of the said Mrs. J. C. Harris, either by force or against her consent; that his purpose was, if he could, to have carnal knowledge of her with her consent.

The question of intent in this case being material to the issue, appellant should have been permitted to testify as to his intent and purpose. Berry v. The State, 30 Texas Crim. App., 423; 1 Thomp. on Trials, secs. 383, 648.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction was had for assault with intent to commit the crime of rape, under an indictment charging that offense. The State proved flight on the part of appellant as a circumstance against him. Explanatory of this occurrence he offered to prove by his father, that "shortly after the alleged commission of the offense, and before the flight of the defendant," he informed "defendant that a mob was being formed to hang him if he was caught, and this was the reason the witness advised him to flee;" and witness further "told defendant, that if he wanted to save himself from the mob he had better run away; that witness had seen Aleck Tucker and John Cox on the night of the difficulty, and after it had occurred, and before defendant had left the county, and they both told him a mob was being organized, and if defendant was caught he would be hung; and witness told the same to defendant and advised him to flee." This evidence, on objection of the State, was rejected. This was error. The bill of exceptions is signed by the court with the qualification, that "before the evidence was offered defendant had testified, and the court held that it was competent for the defendant to state his motive in evading arrest. Counsel for defendant declined to make his proof by defendant why he evaded arrest." It was not incumbent on appellant to make this proof by any particular witness. He could prove it by any witness who knew the facts, whether it was himself, his father, or another. That he did not testify in this regard did not constitute a valid reason for rejecting the evidence when offered through another witness. The evidence was admissible. Arnold v. The State, 9 Texas Crim. App., 435. It is always permissible for the accused to rebut any criminative fact sought to be proved against him, and the court is not authorized to reject the evidence of one witness because another witness did not testify to the same fact or state of facts.

Appellant offered to testify that his intention was to have sexual intercourse with the prosecutrix with her consent, and not by force and against her consent. This was also excluded, which was error. Berry v. The State, 30 Texas Crim. App., 423, and cited authorities. We are of opinion the charge, viewed as a whole, is sufficient.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.