### JOHN MACK BALLENGER v. THE STATE.

No. 1407. Decided November 22, 1911.

**1.—Theft—Indictment—Precedent.**

Where the indictment for theft followed approved precedent, there was no error. Following Price v. State, 55 Texas Crim. Rep., 157.

**2.—Same—Evidence—Flight—Exculpatory Facts.**

Where, upon trial of theft, the State introduced testimony that the sheriff had failed to find the defendant in looking for him after the alleged theft, etc., it was reversible error not to permit defendant to show that at the time of his arrest he was not avoiding arrest or trying to escape. Following Lewallen v. State, 33 Texas Crim. Rep., 412, and other cases.

**3.—Same—Evidence—Tracks.**

Where, upon trial of theft of cotton, it was not shown that there was any peculiarity about the tracks, seen at different times, which the witness compared, not by measurement, but only by observation, the same was inadmissible in evidence.

Vol. LXIII Crim.—42.

**4.—Same—Newly Discovered Evidence.**

Where the case is reversed upon other grounds, the question of newly discovered evidence need not be considered.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*King & King*, for appellant.—On question of insufficiency of the indictment: Thurmand v. State, 30 Texas Crim. App., 539; White v. State, 24 Texas Crim. App., 231.

On question of explaining flight: Cases cited in opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This appellant was convicted of the theft of a bale of cotton; the value alleged being above $50, the jury gave the appellant the benefit of a felony conviction.

1. The indictment is attacked. Under the authority of Price v. State, 55 Texas Crim. Rep., 157, the indictment seems to sufficiently charge the offense.

2. The State, among other things, introduced evidence indicating the flight of appellant as a criminative circumstance. It was shown in the evidence that the appellant did not report back to his place of work—which was the place where the cotton was stolen—the morning after it was taken at night. The sheriff made considerable search in seeking to arrest him, but he had avoided the officers. The contention of the State was that this flght or concealment, or avoidance of arrest was indicative of guilt. To meet this, appellant offered to prove by the witness, Jones, on cross-examination, that appellant had explained to him that he was not avoiding arrest; also that his father had seen and consulted with a lawyer, and that he had been advised to remain out of town for a few days until the facts had been developed and Garcia's connection with the taking of the cotton established. To make this a little clearer, it may be stated that appellant and Garcia were both working for the compress company, Garcia being in charge at night, and appellant working in the day time. Appellant's theory of the case was that Garcia was responsible for the theft of the cotton and not himself, and when it was discovered the cotton had been stolen, and it became talked about that appellant was connected with it, he went to a relative's out of town, two or three miles, and was in and out of town during the time and hiding around, but was finally arrested. The evidence in regard to the manner of his arrest indicated that, after it was determined that his presence was desired and the sheriff having failed to find him, his father had agreed that he would bring him in, and that at the time of his arrest, he was en route for the purpose of

seeing the officer for the purpose of surrendering. The court sustained the State's objection to the offered explanation as to appellant's absence from home and his avoidance of arrest. We deem it unnecessary to state the reasons and all the matters set up in the bill of exceptions. It is ample to bring in review the question before this court. We have always understood it to be a fundamental rule of evidence of right, practice and law, that where one of the contending parties to litigation introduces a fact thought to be damaging to the other side, that the side against whom it was directed, had the right to meet that evidence by the best obtainable combatting facts. This question has been the subject of quite a number of opinions, and about which much has been written, and it is as well elementary. The rule contended for by appellant has been settled by this court in a number of cases. See Brady v. State, 65 S. W. Rep., 521; Lewallen v. State, 33 Texas Crim. Rep., 412; Arnold v. State, 9 Texas Crim. App., 435. In the Lewallen case, supra, the State proved flight on the part of appellant as a circumstance adverse to him. To explain this, he offered to prove by his father that shortly after the alleged commission of the offense and before the flight of defendant, he informed defendant that a mob was being formed to hang him, and this is the reason witness advised him to flee. The witness further stated to him that if he desired to save himself from the mob, he had better flee; that witness had seen Aleck Tucker and John Cox on the night of the difficulty, and after it had occurred, and before defendant had left the county, and they both told him a mob was being organized, and if defendant was caught, he would be hung, and that both advised him to flee. This evidence on objection of the State, was rejected. The court holds this was error. The court, in that case, signed the bill of exceptions with the qualification that "before the evidence was offered, defendant had testified, and the court held that it was competent for the defendant to state his motive in evading arrest. Counsel for defendant declined to make his proof by defendant why he evaded arrest." The court, in the opinion says: "It was not incumbent on appellant to make this proof by any particular witness. He could prove it by any witness who knew the facts, whether it was himself, his father, or another. That he did not testify in this regard did not constitute a valid reason for rejecting the evidence when offered through another witness." The evidence was held admissible. See Arnold v. State, 9 Texas Crim. App., 435. The court further says: "It is always permissible for the accused to rebut any criminative fact sought to be proved against him, and the court is not authorized to reject the evidence of one witness because another witness did not testify to the same fact or state of facts." See also cases adjudicating this question, Bradburn v. State, 64 S. W. Rep., 550; State v. Baker, 19 S. W. Rep., 222; State v. Desmond, 109 Iowa, 72 (at p. 79) for discussion of the question. In the State v. Desmond, the wife of the sheriff of the county testified that on a certain afternoon, while defendant was in jail, and his wife was

visiting him, she heard a noise in the jail, and thought he was trying to get out; that she told defendant's wife it was time to go, and opened the door for her to pass out, "but he was following right close after her. He was kind of pushing against me. He ran to the window and went to work again, and I ran outside when he was working, and said to him, 'If you try to come out there, I will kill you.' This was after dark—eight or nine o'clock in the evening. I saw afterwards the brick had been knocked out from the inside, four brick wide and four brick high." Testimony to the effect that the defendant admitted that he sought to escape from jail was introduced. The defendant in that case showed by his wife that after a former trial, she had often visited him in jail, and was there the evening he attempted to escape; that a few days preceding the attempt, she had a conversation with him, in which she exhibited to him certain newspaper clippings. She was then asked: "What papers were they?" Objection was made and the defendant stated that he expected to prove by the witness that in conversation with her in the jail within two or three days preceding the attempted escape she showed him certain inflammatory newspaper articles; that a prisoner named Critchfield, was present, and that what the attitude of the sheriff would be towards the doctor (defendant) as to protecting him from mob violence was discussed; that Critchfield stated to the doctor, in response to an inquiry from him, that he did not believe that the sheriff would make any effort to protect him, and that the sheriff would certainly take no chances of injury to himself, but that the doctor would be delivered to the mob. After that statement was made, Mrs. Desmond was asked whether Critchfield stated to the doctor that, if a mob should come, the sheriff would not protect him, but would surrender the keys of the jail and permit the mob to take him out, but an objection to this question was sustained. She was then asked to state whether, in the same conversation, she did not say to the doctor that, from the statements in the newspapers, she feared a mob would be formed and come to take him out of jail. An objection to that question was also sustained. The State contended that the excluded evidence was incompetent; that it was drawn out indirectly and inadvertently, and it was not relied upon by the State to show guilt. The opinion further states: The abstract submitted to us does not sustain the claim thus made. On the contrary, evidence of the attempted escape appears to have been given with deliberation, as tending to show guilt. Since that was true, it was the right of the defendant to show, if he could, that he did not try to escape because he feared conviction on a fair trial, but for the reason that mob violence was threatened, and that he feared that he would not be protected from it if he remained in the jail. This was held error and the judgment was reversed and in support of their ruling, the court cited State v. Baker, 110 Mo. Sup., 7 (19 S. W. Rep., 222); Lewallen v. State, 33 Texas Crim. Rep., 412, same case being reported in 26 S. W. Rep., 832.

Without quoting the matters incident to the question in the Brady case, supra, we make this quotation from that opinion. It was in relation to testimony excluded, explanatory of flight and change of name. The court said: "We are of opinion, this evidence was admissible, under the circumstances stated. The State had proved against appellant, and relied upon, his going under an assumed name as a circumstance against him, in connection with his flight and other matters incident. Wherever one party relies upon a fact, the opposite party has a right to rebut that fact or circumstance. So, in this case, the State having relied upon appellant's flight to Jackson, and his going under an assumed name, and carrying on his business in that way, appellant was certainly entitled to negative any inference suggested by this testimony. If it was not a fact against appellant, the State used it as an adverse fact. See Russell v. State, 11 Texas App., 288; Arnold v. State, 9 Texas App., 435; Bouldin v. State, 8 Texas App., 332, (50 Am. Rep., 128); Lewallen v. State, 33 Texas Crim. Rep., 412, 26 S. W., 832; Harvey v. State, 35 Texas Crim. App., 545, 34 S. W., 623; Wills, Circ. Ev., 159." Many other cases might be cited directly in point, but these would seem to be sufficient.

3. Appellant objected to the introduction of the comparison of tracks in the manner observed in the introduction. The State proved by Spradley that he followed the tracks leading from the wagon where Derrick had recovered the cotton, and measured them. On the following Tuesday, just a week after the time he observed the tracks leading from the wagon, he arrested appellant and while riding along the road, appellant walking in front of him, he observed the tracks made by appellant, that in his opinion, they were the same as the tracks made which he had followed, leading from the wagon where the cotton was recovered. It was shown that the witness had measured the tracks leading from the wagon from which the stolen cotton was found, but what the dimensions of these tracks were is not stated, but it is stated that the witness did not measure the tracks made by appellant as he walked in front of him while under arrest, but from riding along behind him, he thought that the tracks he had measured, leading from the wagon, and the tracks made by appellant, were similar. It is unnecessary to state the various grounds of the objection, or the number, as the question is fully and fairly presented. We are of opinion that the admission of this testimony, as indicated by the bill, was erroneous. In the Tankersley case, 51 Texas Crim. Rep., at page 173, it was said: "Before a witness can testify or give his opinion as to similarity of tracks found upon the ground and tracks made by appellant, there must be some measurement taken of the tracks or some fitting into the tracks found upon the grounds by the shoe of appellant, or there must be some peculiarity in the tracks found upon the ground corresponding with shoes known to belong to appellant, or with the tracks known or admitted to have been made by him." The witness saw the two tracks at different places about a week apart.

His comparison, of course, as shown by his testimony, was from his recollection of the former tracks. He made no comparison of the measurement which he had taken of the former track to the track made by appellant and only observed it as he was on his horse as he was following appellant. It was not even shown that there was any peculiarity about either of the tracks and the testimony of the witness rather indicates that there was no peculiarity about them and that his whole opinion in regard to the matter was simply based upon his recollection of the tracks he had seen a week before he had seen the tracks made by appellant. We think, under these circumstances, this testimony should not have been admitted. This may have been a serious circumstance in view of the fact that the State relied upon circumstantial evidence and the identification of the defendant was very meagre and uncertain as sought to be shown by the witness who saw the man who ran away from the wagon.

4. With reference to the matter of newly discovered testimony, it is sufficient to say it is unnecessary to discuss that phase of the case. Upon another trial, it will not be newly discovered evidence.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*