GEORGE ELMORE v. THE STATE.

No. 2033.    Decided December 11, 1912.

Rehearing denied January 29, 1914.

**1.—Theft of Cattle—Evidence—Husband and Wife.**

Upon trial of theft of cattle, there was no error in admitting in evidence the details of a conversation that took place between defendant and his wife in the presence and hearing of the witness in regard to the theft of the animal alleged to have been stolen.

**2.—Same—Evidence—Tracks.**

Where, upon trial of theft of cattle, the State's testimony showed the way the defendant and others went in going after the animal, etc., there was no error in admitting testimony by another State's witness that he knew the horse defendant was riding on that occasion; that he was shod all round and that he knew the kind of tracks he made; that he traced this horse's tracks, corroborating the testimony of other State's witnesses as to the way defendant traveled, etc., as the objections could only go to the weight, and not the admissibility, of the testimony.

**3.—Same—Evidence—Brand—Identity—Charge of Court.**

Upon trial of theft of cattle, where evidence of a brand was not offered to prove ownership, but the identity of the animal and was so limited in the court's charge, there was no error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence sustained the conviction, there was no error in the court's refusal to peremptorily charge an acquittal.

**5.—Same—Charge of Court.**

Where, upon trial of theft of cattle, the evidence did not raise the issue submitted in the requested charge, there was no error in refusing same.

**6.—Same—Accomplice—Charge of Court.**

Where, upon trial of theft of cattle, the evidence did not raise the issue of an accomplice as to a certain State's witness, there was no error in the court's failure to submit a charge thereon. Following Pinckard v. State, 62 Texas Crim. Rep., 602.

**7.—Same—Mistake—Charge of Court.**

Where the evidence did not raise the issue that defendant believed the alleged stolen animal was his own, there was no error in the court's failure to charge thereon.

**8.—Same—Evidence—Tracks—Opinion of Witness—Comparison.**

Where, upon trial of theft of cattle, the State's witness testified that he saw the tracks where the stolen cow was butchered and that they were the tracks of the blue horse defendant rides, this was not an opinion of the witness, but a positive fact, and was not based upon an opinion of the witness by a comparison of these tracks with others, and was, therefore, admissible. Distinguishing Parker v. State, 46 Texas Crim. Rep., 461, and other cases.

Appeal from the District Court of Motley. Tried below before the Hon. Jo A. P. Dickson.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. F. Ramsey,* for appellant.—On question of admitting in evidence the tracks of a horse: Thompson v. State, 19 Texas Crim. App., 593; Crumes v. State, 28 id., 516; Clark v. State, 28 id., 189; Baines v. State, 43 Texas Crim. Rep., 490; Parker v. State, 46 id., 461; Tankersley v. State, 51 id., 170; Thompson v. State, 45 id., 397; Smith v. State, 45 id., 405; Newton v. State, 65 Texas Crim. Rep., 87, 143 S. W. Rep., 638.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of theft of cattle, and his punishment assessed at three years confinement in the State penitentiary.

Clyde Smith testified that he, Dennis Kemper and appellant killed the beef, and just before starting to go and get it, they were discussing the matter in the presence of his wife. He details a conversation that took place between himself, his wife and appellant in regard to the theft of this animal. His wife also testifies to this conversation. As appellant was present, took part in it, and said there was no danger of getting into trouble as he killed beeves all the year round, the court did not err in admitting the testimony.

Clyde Smith and his wife testified that on this occasion appellant was riding a certain horse, and Smith testified to the way they went in going after the yearling, and returning with the hind quarters of the yearlings, and that they buried the head and fore quarters. Clee Rothwell testified that he knew the horse; that he was shod all around, and that he knew the kinds of tracks he made; that he traced this horse's tracks, corroborating Smith in the way they traveled, and also found the head and fore quarters of the beef buried. Many objections were urged to this testimony, but none of them are tenable. They might go to the weight to be given the testimony but not its admissibility. Some may think it difficult to be able to swear to the tracks of any horse, but if one is willing to

do so, it is not an opinion but a statement of a fact, and so far as this court may determine, there may be something peculiar about the track made by the horse which would cause any one to recognize it. Smith also testified that the hide was buried after the brand was cut out. The deputy sheriff went to this place and found a hide buried there with the brand cut out, and brought it to town. The alleged owner of the animal, Ed Foster, saw the hide and said it looked just like the hide of the animal he lost, and he would take it to be the hide of his animal. This witness' entire testimony renders admissible that part objected to. It was not an opinion and conclusion, but a statement of facts, from which the jury would be authorized to draw their own deductions.

Mr. Foster was permitted to testify that the animal he lost was branded "7" on the neck and "Diamond F" on the left side. This testimony was objected to on the ground that it was shown this brand was recorded. This evidence was not offered to prove ownership, but the identity of the animal. The hide which was dug up and which Mr. Foster testified looked like the hide of the animal he lost, had two cuts in it, where he said his animal had these brands placed on it, and this testimony would account for the holes in the hide and why there was no brand on the hide. The court at the request of appellant charged the jury: "You are charged that the evidence in this case in regard to the brands testified about being on any animal or animals, will not be considered by you at all on the question of ownership and can only be considered on the question of identity if it shows anything on that question or that question arises in the case."

The court properly refused the charge peremptorily instructing the jury to find appellant not guilty. There was ample evidence to sustain a verdict of guilt if the jury believed the evidence offered in behalf of the State.

Neither did the court err in refusing to give special charge No. 2, as there was no evidence calling for such charge. There is no evidence that Kemper and Smith killed the animal, and appellant was only connected with the matter after the death of the animal. If it was Foster's animal, appellant was the moving spirit in the theft, and helped to drive it from its range to the place where it was killed.

There is no evidence which would raise the issue that Mrs. Mary Smith was also an accomplice. It is true she heard them talking about the theft of the animal, but she advised against it, and after it was killed and part of it brought to her house, she refused to have anything to do with the beef. (Pinckard v. State, 62 Texas Crim. Rep., 602, 138 S. W. Rep., 601.) Neither is there any evidence that in killing the animal appellant thought it was his own, consequently there was no error in refusing the charge presenting this theory to the jury.

The only other ground in the motion complains of the sufficiency of the evidence. If the facts made Mrs. Smith an accomplice, there might be some question as to the sufficiency of the corroboration; however, we hardly think this would be the case when we consider the testi-

mony of Clee Rothwell. But, inasmuch as we have held that Mrs. Smith was not an accomplice, there can be no question of the sufficiency of the evidence to sustain the verdict.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### January 29, 1914.

HARPER, JUDGE.—This case was affirmed at a former day of this term, and appellant has filed a motion for rehearing in his brief calling our attention to but one matter in which he claims the court was in error, and that is, it was improper to admit the testimony as to the tracks of the horse as corroborative testimony. The bill as a whole reads as follows: "Be it remembered that upon the trial of the above cause, the State introduced the following testimony, to-wit:

"That about the second week in February, he was in defendant's pasture and found a beef which was claimed to be the one in controversy; that he was at Clyde Smith's tent and at the watering place where he found the beef in controversy and found some horse tracks at each place, and that they were tolerably fresh and that the tracks of the horse that he found were similar to the tracks of the horse, and that they were the tracks of the blue horse defendant rides; to which testimony the defendant objected at the time it was offered upon the following grounds:

"Because it calls for a conclusion of the witness and it had not been shown that he was an expert and it has not been shown that he measured the tracks found and that he measured the horse's feet or the tracks of the horse in question to determine the difference between them if there was any. The other testimony of the witness in regard to said tracks and bearing on this question, which is as set out below, and which the court says in this connection was testified to by the witness, and other witnesses, and the defendant calling attention to this in further support of his objections are as follows:

"The witness had testified that he had seen horse tracks at Clyde Smith's tent and at the watering place where he had found a beef, which is claimed to be the animal in controversy; he had testified that George Elmore's horse, called the 'blue horse,' was shod all around, that these tracks that he saw at the tent and at the watering place were shod all round, and that he saw the tracks where the fellow had come to the tent and where he found the animal, and that they were the blue horse's tracks all around where this animal was; that he had just traced the tracks around there, and further, Clyde Smith and his wife had testified that the defendant had come to their tent riding the blue horse and at the time of the commission of the offense was along the last of January or in February; further, it was shown that the tracks were not measured by the witness, and there was no peculiarity of the tracks testified to by the defendant, outside of the fact that they were shod all around, and

there was further testimony tending to show that after the hide was buried, some one had removed and hidden it at a different place.

"And the court overruled said objections and admitted said testimony, to which decision of the court defendant then excepted, and tenders this his bill of exceptions No. 3 and asks that the same be signed and approved and filed as a part of the record in this cause, and which here now is accordingly done this the 10th day of June, 1912."

If any one can tell by this bill what witness so testified and defendant was objecting to by the bill, it is more than we can ascertain by its recitals. And it is held by this court a bill by its recitals must be so certain that it is unnecessary to turn to any other part of the record in aid thereof. However, it might be insisted if any witness was so permitted to testify, it would be error, and by turning to the record we find that it was Clee Rothwell who testified he saw the tracks where the stolen cow was butchered "and they were the tracks of the blue horse defendant rides."

Appellant earnestly insists that it was error to permit this witness to testify that the tracks were the tracks of appellant's blue horse, and cites us to many decisions of this court, referring especially to the case of Parker v. State, 46 Texas Crim. Rep., 461, which he says is "by far the most thorough as well as most satisfactory case in this State." We are not objecting to the law as laid down in that case, for by reading that case it will be seen that the witness was seeking to *compare* a track he saw at the place of the crime with another and different track made at another and different place, which would necessarily render it but an opinion. And so all the cases cited by appellant are speaking of "comparison of tracks." In this case no such question arises. The witness is not seeking to compare the track he saw at the place where the animal was butchered with a track made at any other or different place, or at any other or different time, but the witness swears that the tracks he saw where the animal was butchered were the "tracks of the blue horse defendant rides." He swears to it as a positive fact. No opinion expressed, no comparison with other tracks, but he swears the tracks are this horse's track. In the Parker case, supra, the court says: "We would not be understood as holding that the witness Stafford was not authorized to testify before the jury as to the tracks he found upon the ground, where he found them, and to what point they led, and the size thereof as they appeared to him, and other conditions and circumstances connected therewith." It was only where the witness undertook to *compare* those tracks with tracks found at another and different place does the court say the objection was well taken. If Stafford had been willing to swear that he *knew the tracks* he saw were made by a certain person, there can be no doubt but what his testimony would have been admissible. The defendant on cross-examination would have a right to test his knowledge —what fact or circumstance it was that enabled him to recognize the tracks as that of a certain horse or individual, but this all would go to the weight and not the admissibility of the testimony. Mr. Wharton in

his great work on Criminal Evidence, section 936, says: "The weight of authority sustains the rule that the witness may always testify to the facts and the circumstances of the foot-prints and tracks, but the courts are equally divided upon the question of whether or not the witness may express an opinion as to their identity." In this case the witness does not propose to swear to an opinion, but he testifies to the matter as a positive fact within his knowledge. As stated in the original opinion, we are not in possession of the facts as to why this witness was able to recognize and know the track of this horse any more than when a witness swears he knows a certain man and recognized him on a given occasion. Yet the fact remains the witness did so testify, and we know of no rule of law which would prevent him from so testifying in one instance and not in the other. It may seem incredible to some that one would so testify, yet if he does, this does not render it "opinion evidence" nor render it inadmissible. All the cases cited by appellant are cases where it was sought to make a comparison of tracks, as in the case of Ballenger v. State, 63 Texas Crim. Rep., 657, 141 S. W. Rep., 91, but in this case there was no attempt to compare the tracks found on the ground with any other tracks, consequently they are not in point, and we adhere to the original opinion.

The motion for rehearing is overruled.

*Overruled.*