GUADALUPE RIVERA v. THE STATE.

No. 6643.   Decided April 5, 1922.

**Theft—Evidence—Defensive Theory—Flight.**

Where, upon trial of theft, the conviction largely depended upon testimony of the flight of the defendant, he should have been permitted to explain the alleged flight, and failure to do so is reversible error. Following Arnold v. State, 9 Texas Crim. App., 435.

Appeal from the District Court of Cameron.   Tried below before the Honorable Walter F. Timon.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

*E. H. Goodrich and Son, E. C. Gaines,* and *James A. King,* for appellant.—Cited Fox v. State, 53 Texas Crim. Rep., 150; Smith v. State, 63 id., 281. Bond v. State, 71 id., 408.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense of theft; punishment fixed at confinement in the penitentiary for two years.

A buggy belonging to Conception B. de Velis was stolen at night-time.

Appellant resided upon a ranch distant from that upon which the

owner dwelt. On the day that it was stolen, the buggy was found at the house in which the appellant and his brother resided.

Patlan, for the State, testified that he was acquainted with the appellant by sight only and that about five o'clock one morning he met him on the road. Appellant at the time was riding in one buggy with another person and drawing another behind. Neither of the buggies was identified by the witness. Neither the witness nor the appellant stopped, but in passing, the appellant said, "Good-bye," and the witness returned the salute. It was very dark at the time.

Appellant testified and introduced evidence supporting the theory of alibi; and also testified that his brother had admitted that he had stolen the buggy. When the officers arrived on the premises, the appellant fled. This was proved against him by the State, and reliance was had upon this and other circumstances to support the conviction. The State depended upon circumstances alone.

Appellant sought to explain his flight by giving testimony to the effect that the lives of both him and his father-in-law had been threatened by Jose Saldana. His father-in-law was murdered and suspicion pointed to Saldana. When the officers approached, appellant did not know them or their mission, and he heard one of the party utter the name Jose, and believing that he was about to be attacked by Jose Saldana, he fled. In rejecting his explanation, we believe the trial judge fell into error. The evidence of appellant's flight was not conclusive of his guilt. The motive for his flight was a matter for the jury to determine, and it was competent to establish by proof of other facts a motive consistent with his innocence of the crime against him which he was defending. Underhill on Crim. Evidence, Sec. 119; Lewallen v. State, 33 Texas Crim. Rep. 412; Arnold v. State, 9 Texas Crim. App. 435.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*