No. 2083.—State of Louisiana *v.* E. Elder.

In providing against the crime of arson our statute makes no distinction in reference to the ownership of the house or building destroyed by fire, whether belonging to the accused or to a third person. And the only object of the allegation of ownership of property in the indictment is to describe and identify the object of the crime.

The possession, occupancy and control of a house or barn and stable that has been destroyed by fire, may be shown by parol evidence in the prosecution of a party charged with the crime of arson.

Under the statute of 1855, page 137, providing against the crime of arson, the State will be allowed to amend the bill of indictment in all matters relating to the form thereof.

After the jury was empanneled and the trial commenced, the District Attorney moved to amend the indictment by inserting the words "the aforesaid barn and stable being," which was allowed by the court. Held—That this amendment does not alter the substance of the indictment, or create a new or different charge.

APPEAL from the Fifth Judicial District Court, Parish of East Baton Rouge. *Posey*, J. *Stafford*, for appellee. *Burgess*, for appellant.

Howe, J. This case comes before us on three bills of exceptions, reserved by the defendant, who was indicted for feloniously, willfully and maliciously setting fire to and burning " the barn and stable, not adjoining to a dwelling house, the property of W. J. Sharp," and was convicted and sentenced to imprisonment at hard labor.

*First*—On the trial, after the jury had been empanneled, the District Attorney was permitted by the court to amend the indictment so as to make the clause quoted above read as follows : " The barn and stable,

not adjoining to a dwelling house, *the aforesaid barn and stable being* the property of W. J. Sharp." To this permission the defendant reserved an exception.

*Second*—On the trial the State " offered parol evidence to prove title to the barn and stable attached to and partaking of the reality to be in W. J. Sharp," and the court overruled the objection of defendant thereto, on the ground that it was only necessary to prove possession *suo jure* on W. J. Sharpe at the time of the burning, which could be done by parol; and to this defendant excepted.

*Third*—The State further offered evidence to prove that the property burned was the property of Mrs. Sharp, wife of W. J. Sharp, and the court overruled the objection of defendant thereto, on the ground that the witness, W. J. Sharp, had stated in his testimony that he resided with his wife on the plantation upon which the property burned was situated, and that he was in possession of said plantation, and that it was controlled and managed by him, and to this the defendant excepted.

The prosecution seems to have been instituted under the forty-ninth section of the act of March 15, 1855; but, as this was amended and re-enacted by the act of March 18, 1858, the case is governed by the third section of the latter statute.

As to the amendment we see no error in the ruling of the court. The indictment was good, by a reasonable construction, before the amendment; no real change was made; and it seems impossible that the defendant could have been in any way affected by an addition of words which the State, through abundant caution, was permitted to make.

The questions presented by the second and third exceptions are somewhat complicated by the manner in which the bills are drawn, but taking the two together we suppose that on the trial the State proved by parol that W. J. Sharp was in the possesion, occupancy and control of the buildings destroyed, and further proved, by showing the legal title in Mrs. Sharp, that the possession, occupancy and control by Mr. Sharp were lawful.

Under our statute it was not necessary to aver and prove the ownership of the property, as at common law, to be in some person other than the accused; (8 An. 114 ; 12 An. 382); and the only object of the allegation of property in Sharp was to describe and identify the object of the crime. The possession, occupancy and control by Sharp could be proved by parol, and, when proved, fully supported the allegation of property in him. Greenleaf on Ev., vol. 3, p. 49 ; State *v.* Lyon, 12 Conn. 488 ; Glanfield's case cited in Russell on Crimes, vol. 2, p. 565.

The evidence that the legal title was in his wife seems to us, in this case, to have had no other object or effect than to show his possession, occupancy and control to have been rightful, and the defendant has no cause to complain if the State introduced more evidence on this point than was absolutely necessary.

We cannot perceive that the court erred in its ruling, and it is therefore ordered and adjudged that the judgment appealed from be affirmed.