## T. F. Kelley v. The State.

### No. 2402. Decided June 25, 1902.

**1.—Arson by Tenant—Indictment.**

Arson may be committed by a tenant in possession against the owner in fee of the estate; and an indictment for such offense which alleges his status as tenant in possession, and in whom lies the fee title, is sufficient without further alleging the elements of arson committed by the owner under article 864, Penal Code.

**2.—Same.**

Where the evidence shows that the property belonged to Mrs. E. and her children, the indictment, which alleged that it was the property of Mrs. E., was sufficient under article 445, Code of Criminal Procedure.

**3.—Improper Argument of Counsel—Bill of Exceptions.**

Complaints as to improper argument of counsel will not be reviewed in the absence of a bill of exception reserved to such argument.

Appeal from the District Court of Bowie. Tried below before Hon. J. M. Talbot.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion sets out the indictment which was attacked in the lower court on motion in arrest of judgment.

Defendant had rented the house and was engaged in carrying on an extensive saloon and barroom in connection with which he had expensive goods and bar fixtures and furniture. He had his property in the house heavily insured, and the theory upon which he was convicted was that he fired and sought to destroy the premises and his property therein in order that he might collect his insurance. The evidence is circumstantial and quite voluminous.

*R. W. Rodgers* and *J. Q. Mahaffey,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of arson, and given five years in the penitentiary.

The charging part of the indictment is as follows: That T. F. Kelley * * * "with force and arms in the county of Bowie, and State of Texas, did then and there unlawfully, willfully and maliciously set fire to and burn a certain house of one Mrs. E. Erber there situate, and in the possession of and occupied by him, the said T. F. Kelly." Appellant filed a motion in arrest of judgment, insisting that the indictment is defective, because the same impliedly, at least, charges that he was a tenant of the house alleged to have been burned at the time he is therein charged with burning the same; and that said indictment fails to allege that the said house was within a town or city, or that it was insured, or that there was within it any property belonging to another; or that there was then and there any apparent danger, by reason of the burning thereof, that the life or person of some individual or safety

of some house belonging to another would be endangered by the burning thereof.

In support of this motion appellant cites the case of Mulligan v. State, 25 Texas Crim. App., 199. That case turned upon the fact that the undisputed evidence demonstrated that the burning was not a house, but a heap of "house logs" which previously constituted a house. It nevertheless sustains the proposition that the statutory offense of arson may be committed by the tenant in possession as against the owner of the estate in fee and that an allegation of the facts setting forth his status as a tenant in possession, and alleging in whom lies the fee title, will be sufficient, without further alleging the elements of arson committed by the owner, under article 864 of the Penal Code. This indictment properly alleges appellant's tenancy, in that he was in possession of and occupied the premises, and also properly places the ownership in Mrs. Erber, under article 445, Code of Criminal Procedure. We think the indictment is good. Woolsey v. State, 30 Texas Crim. App., 346; Rogers v. State, 26 Texas Crim. App., 428; Mulligan's case, supra.

Appellant also insists that the evidence shows that the house in question belonged to Mrs. E. Erber and her children, and that the indictment only alleges the name of Mrs. E. Erber, and consequently there is a variance. This contention of appellant is answered by article 445, Code of Criminal Procedure, which provides: "Where one person owns the property, and another person has the possession, charge or control of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs," etc. The evidence shows that Mrs. Erber's husband died leaving this property to her and her children. It was legitimate and proper for the State, under this article, to allege the ownership of the property in Mrs. Erber.

Appellant insists that the evidence is insufficient to support the verdict. This portion of the motion covers several pages of the transcript. We have carefully reviewed the facts, and in our opinion they are amply sufficient. While it is entirely circumstantial, it is of that conclusive character leading on the whole to the guilt of appellant, excluding every other reasonable hypothesis.

Complaint is made of the argument of the district attorney, in that he made statements and deductions unwarranted by the evidence, which were calculated to mislead the jury, etc. There is no bill of exceptions presenting this matter, and it can not be reviewed.

Appellant complains that the court erred in refusing his special charge on circumstantial evidence. The charge of the court was a proper charge on circumstantial evidence, and there was no error in refusing that asked by appellant.

It is also insisted that the court erred in failing to charge the jury to return a verdict of not guilty. In this there was no error.

The sixth ground of the motion is, that the court erred in failing to charge the jury that if they found from the evidence that at the time of the alleged fire defendant was in possession of the house alleged to have been burned, as a tenant thereof, they should find him not guilty. A discussion of the questions raised on the indictment disposes of this contention of appellant. The court properly refused the charge.

Complaint is also made on the fifth paragraph of the court's charge, as follows: "If you believe from the evidence beyond a reasonable doubt that defendant, T. F. Kelley, in the county of Bowie, State of Texas, on or about the 1st day of July, 1901, did willfully set fire to and burn the house of Mrs. E. Erber mentioned in the indictment; and if you further so believe from the evidence that said house was situated in said State and county, and was then and there in the possession of and occupied by the said T. F. Kelley, then you will find the defendant guilty of arson, and assess his punishment," etc. This charge was responsive to the allegations of the indictment and the evidence; and is correct. The court's charge on alibi is also correct.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]