## S. P. GARLINGTON v. THE STATE.

### No. 9024. Delivered March 11, 1925.

**1.—Sale of Intoxicating Liquor—Continuance—Cumulative Evidence—Properly Refused.**

Where appellant applied for a continuance on account of the absence of eight witness, averring that he expected to prove the same facts by each of them, and on the trial six of the absent witnesses appeared, four of whom testified in behalf of appellant, the continuance was properly refused, the testimony of the absent witnesses being cumulative.

**2.—Same—New Trial—Newly Discovered Evidence—Cumulative.**

Where a motion for a new trial for newly discovered evidence is presented, and it appears that no diligence was used to discover the evidence before the trial, and it also appears that the newly discovered evidence is merely cumulative, the new trial is properly refused. See Branch's Ann. P. C. Sec. 203, and Sec. 8, Subdiv. 6 of Art. 837, Vernon's Ann. P. C.

Appeal from the District Court of Jasper County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for selling intoxicating liquor, penalty, one year in the penitentiary.

The opinion states the case.

*J. A. Mooney* of Woodville, *J. B. Firse,* of Newton, and *G. E. Richardson,* of Jasper, for Appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE—Appellant was convicted in the district court of Jasper county of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant has two bills of exception, one complaining of the refusal of a continuance, and the other of the overruling of his motion for new trial. Appellant had subpoenas issued for eighteen or twenty witnesses, some eleven of whom testified in his behalf at the trial. Others were present who did not take the stand. The application for continuance was based on the absence of eight witnesses, six of whom appeared and four of whom were used on behalf of the appellant. The same general statement of what appellant expected to prove, as stated in the application for continuance, was made in reference to all eight of the witnesses named. It thus appears that four of these appeared and testified, and that two named therein and by whom appellant alleged he could prove the same facts as by each of the others,—were present and did not testify, and two by

whom he expected to prove said facts, were not present. The diligence shown was also not sufficent. The case was tried three weeks after appellant's arrest, and it appears from the record that he waited nearly a third of that time before applying for any process. Nor is it shown that said two absent witnesses were ever served with process. Clark v. State, 61 Texas Crim. Rep. 597. Diligence should be shown, not merely inferred. Carr v. State, 36 Texas Crim. Rep. 390; Holmes v. State, 38 Texas Crim. Rep. 370; Giles v. State, 148 S. W. Rep. 317.

A new trial was sought mainly for the refusal of the continuance. and because of alleged newly discovered evidence. The new witnesses were Hayes, Jugent, David Powell, D. L. Powell and Reese. All appeared in support of the motion and gave their testimony, which has been carefully examined by this court. Same appears to be cumulative of that of other witnesses who testified for appellant on the trial, and most of it is not brought within the domain of newly discovered evidence, that is, the witnesses say they were with appellant at the place of the alleged sale of liquor about the time of the day that same was laid, and if these facts be true we are unable to see how appellant could meet the requirement of diligence and yet fail to have had said parties seen or summoned in his behalf upon his trial. Some of these witnesses averred that they saw a negro take some liquor or something in a sack to the car in which the State witnesses were. This fact was not denied by any witness for the State on the trial, but it was claimed that in addition to what was gotten from Powell the prosecuting witness Stott also brought a gallon of whiskey from appellant. Testimony showing that the negro carried a gallon of whiskey to said car would not seem to negative the State's theory that in addition thereto appellant sold a gallon of whiskey to Stott. In Sec. 203 of his Annotated P. C. Mr. Branch cites many cases in support of the theory that newly discovered cumulative testimony would not call for the granting of a new trial. See also the cases cited under Sec. 8, subdiv. 6 of Art. 837, Vernon's Annotated C. C. P.

Believing that neither bill of exceptions reflects any error, and being of opinion that appellant has had a fair trial the judgment will be affirmed.

*Affirmed.*