ERA BELLE SIMMS v. THE STATE.

No. 12801. Delivered December 4, 1929.
Rehearing denied January 29, 1930.
Reported in 24 S. W. (2d) 39.

52

The opinion states the case.

*J. K. Brim* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, two years in the penitentiary.

The facts in this record seem amply sufficient to support the conviction. The house burned belonged to appellant's father and had been occupied by him as a home for forty years prior to the burning. Appellant had been married, separated from her husband, and came to her father's home where she stayed for a while prior to the burning. She had been asked several times by her father to go away and make room for his unmarried son. She and her father quarreled about her removal on the night before the arson. He testified that she said she would burn the house before she would move. The house burned about three o'clock that night. Appellant was up and fully dressed, and such of her property as she had in the house appeared to be on the porch ready for removal, when the fire was discovered. Appellant's sister testified to the fact that appellant set the house on fire and described in detail how it was done. Appel-

lant's confession was in evidence admitting the burning. Appellant's father testified that when he awoke and found the house on fire there was no one present but himself and his two daughters, and that appellant was already dressed.

Bill of exception No. 2 complains that Zachrious Simms, the father of appellant and the alleged owner of the burned house, was permitted to testify that about the 18th of October, 1928, his residence was burned; that it was his property, and that he had owned it about forty years; had owned it before he married,—had it bought and paid for. The objection to this was that it was hearsay and not the best evidence. Appellant does not brief this contention, and we think it unnecessary to discuss it. The matter is one of entirely immaterialty under the facts of this case.

A deed was introduced showing the ownership of the property to be in "Zack Simms." There is a bill of exceptions complaining that witness Zachrious Simms was permitted to testify that he and his brother Joe bought this land together; that Joe made the trade for it and after he got the land paid for Joe and his wife deeded to witness the west half of the block; that the deed from Joe Simms to him was made in the name of Zack Simms. We see no well founded objection to the testimony. The deed was introduced and showed it was made by Joe to Zack Simms.

There is also a bill of exception complaining of the fact that witness Zachrious Simms was permitted to testify that his mother always told him his name was "Zachrious but that Zack was the short for Zachrious, and that people took it to the short." Appellant introduced a number of witnesses to testify that the name of the owner of the property that was burned was Zack Simms and that they had never known him by any other name save that of Zack. We think it permissible for the State to prove by Simms that his real name was Zachrious and that he was known commonly by the name of Zack Simms. We see no error in the bill.

Appellant objected to the introduction of her confession upon the ground that the statements therein did not respond to the offense set out in the indictment, the contention apparently being that she was charged in the indictment with burning the house of Zachrious Simms, and that in the confession she admitted having burned the house of Zack Simms. We think the point not well taken.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The land on which the house stood had been bought and paid for by appellant's father long before his marriage with appellant's mother. The house was built after the marriage, and paid for with proceeds from crops raised on the farm. Appellant's mother had died and the claim is here asserted that appellant and other children had some interest in the house by reason of the facts stated, and therefore was entitled to an instruction directing the jury to acquit her if the house was the property of the father, appellant and the other surviving children. This proposition is based on the claim that the evidence failed to support the averments of the indictment, which were that the "house was occupied by, and in possession of and the property of Zacharious Simms, and not being the property of appellant."

The provisions of our Penal Code (Arts. 1311 and 1312) very clearly point, out when an owner may and may not burn his own house; in order that no misunderstanding might arise Art. 1313 in very positive terms provided that *"One of the part owners of a house is not permitted to burn it."* Where an indictment alleged the ownership of the house burned in a designated person, and the evidence shows that the house was owned by that person and his children, it has been held no variance. Kelley v. State, 44 Tex. Cr. R. 187, 70 S. W. 20. "Arson is directed more against the possession and occupancy than towards the ownership of the destroyed property." Goldsmith v. State, 46 Tex. Cr. R. 556, 81 S. W. 710. "For the purposes of a prosecution for arson the burned building is deemed to belong to the person who has the right of possession thereof." Texas Jurisprudence, Vol. 4, page 807; Tuller v. State, 8 Tex. Cr. App. 501. The house in question was the homestead of appellant's father. His right of possession can not be questioned. Appellant's presence there was by his permission. We fail to discover any merit in appellant's position on the question of law urged.

The motion for rehearing is overruled.

*Overruled.*