GEORGE DANIELS v. THE STATE.

No. 13945.   Delivered January 28, 1931.
Rehearing Denied March 4, 1931.

The opinion states the case.

*Joe W. Taylor* and *John N. Gauntt,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is attempt at arson; the punishment, confinement in the penitentiary for two years.

It is charged in the indictment, in substance, that appellant and M. J. Seale were the owners of a house situated within the City of Waco, McLennan County, Texas; and that appellant did wilfully and with intent to burn said house and by means calculated to effect the object attempt to burn said house. Describing the means, it is alleged that appellant wilfully placed a candle upon the floor of the house, and wilfully placed a quantity of paper upon the floor and around said candle, and did wilfully pour a quantity of coal oil and combustible liquid upon the paper and upon the floor, and did wilfully set fire to the candle communicating with the house.

Appellant filed no motion to quash the indictment, but in his brief contends that it is fundamentally defective in that the statute does not make it an offense for a part owner of premises to burn his house in an incorporated town or city, and further that the indictment fails to allege joint ownership and the particular facts that would have made the burning arson, such as that there was property of another in the house or that the life of some person was endangered. Article 1311, Penal Code, provides that the owner of a house may destroy it by fire or explosion without incurring the penalty of arson except in the cases mentioned in Art. 1312, Penal Code. Article 1313, Penal Code, provides that one of the part owners of a house is not permitted to burn it. An owner is liable under the terms of Art. 1312, supra, when the house is within a town or city, or when it is insured, or when it has within it any property belonging to another, or when there is apparent danger by reason of the burning thereof, that the life or person of some individual, or the safety of some house belonging to another will be endangered. In Mulligan v. State, 25 Texas App., 199, 7 S. W., 664, it was said that an indictment against an owner or part owner for burning his own house must allege ownership in the accused and the particular facts which may bring him within the exceptions as amenable to prosecution. In Kelley v. State, 44 Texas Crim. Rep., 187, 70 S. W., 20, it was charged in the indictment that the appellant burned the house of Mrs. E. Irwin, which said house was in the possession of and

occupied by the appellant. It was insisted that the indictment was defective in that it failed to allege that the house was within a town or city, or that it was insured, or that there was within it any property belonging to another, or that there was any apparent danger by reason of the burning thereof that the life or person of some individual or safety of some house belonging to another might be endangered by the burning thereof. In referring to Mulligan v. State, supra, this court, speaking through Judge Brooks said: "That case turned upon the fact that the undisputed evidence demonstrated that the burning was not a house, but a heap of 'house logs', which previously constituted a house. It nevertheless sustains the proposition that the statutory offense of arson may be committed by the tenant in possession as against the owner of the estate in fee, and that an allegation of the facts setting forth his status as a tenant in possession, and alleging in whom lies the fee title, will be sufficient, without further alleging the elements of arson committed by the owner, under Art. 864 of the Penal Code."

In addition to the indictment in the present case averring that another owned the building with appellant, it is alleged that said building was situated in the City of Waco. If it should be contended that a part owner is not liable unless the conditions described in Art. 1312, supra, are present, it is observed that one of these conditions, namely, that the house was situated in the City of Waco, is alleged. On the other hand, if it should be contended that the provisions of said article 1312 are not applicable where the house is burned by a part owner, note is taken of the fact that the indictment charges that appellant and M. J. Seale owned the house. We are unable to reach the conclusion that the indictment is fundamentally defective. It might be duplicitous, but appellant made no motion to quash on that ground.

Officers had been watching the house in question for several nights. Hearing a noise, they approached just as appellant came out of the house. Entering the house they found a candle which had been placed in a snuff box as a holder. Paper saturated with coal oil was piled around the candle. There was coal oil on the floor. The candle had been burning as shown by the fuse. A match which had been struck was on the floor close to the candle. Coal oil had been freshly poured on the paper and floor. The oil was still dripping. Appellant had a lid to a snuff box under his hat. The lid fitted the snuff can in which the candle was stuck. The house had no furniture in it, having been vacant for two or three days.

Appellant objected to the testimony of the officers touching what they discovered in the house on the ground that they had no search warrant. The place entered by the officers was not the residence or the place of business of appellant, nor does it appear that its proximity to his residence or place of business was such as to make it necessary

that the officers possess a search warrant. Greenwood v. State, 110 Texas Crim. Rep., 478, 9 S. W. (2d) 352.

Appellant contends that the evidence shows that he was the sole and exclusive owner of the house, whereas it was alleged in the indictment that appellant and Seale were joint owners. It appears that appellant and Seale were jointly interested in an automobile which they traded for an equity in the house. The deed to the house was made to Mr. Seale. It is true that he testified that he had no interest in the house, and that he was holding the house for appellant. Nevertheless the facts and circumstances disclosed by the record are sufficient to reflect the fact that he and appellant were the joint owners of the automobile traded for an equity in the house. It does not appear that he had at any time alienated his interest to appellant. We think the proof supports the allegation in the indictment as to joint ownership.

Appellant contends that the evidence is insufficient to support the conviction, in that it shows no more than mere preparation to commit the offense. The case was submitted under a charge covering the law of circumstantial evidence. The court instructed the jury that the attempt to commit a crime is an endeavor to accomplish it beyond mere preparation but falling short of the ultimate design in any part of it. We think the circumstances were sufficient to justify the conclusion that appellant had set fire to the candle. It had been burning. A match that had been struck was near it. This went beyond mere preparation.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion we have again examined the facts in testimony. Appellant and another had, by trading, acquired an automobile of the value of approximately $100.00, which they had traded for an equity in a vacant house which was insured and was located in a city. The excess value of the insurance over the encumbrance against the property was several hundred dollars. For some reason the officers were watching said house at night. Nothing occurred the first night or two, but on the night in question when the officers went to said house a little after dark they found the front door locked, but heard a sound as if some one scraping, and went to the back door and detected appellant in the act of leaving the house. Said officers went at once into the house, and in a closet found a candle held upright in a snuff can on the floor by papers stuffed around the

candle. The candle and the papers were dripping with kerosene oil which was running over the floor. The wick of the candle showed to have been burned and a partially burned match was lying on the floor not far away. The officers testified that there was a lot of paper piled around the snuff can which held the candle, which paper was dripping kerosene oil. Appellant had in his hand when the officers came upon him a teacup and a spoon. The officers searched him and found in his hat the lid of a snuff box which fit the one the candle was in. In our opinion this was sufficient to justify the jury in concluding that appellant had attempted to burn the house in question. We see no reason for believing the search made by the officers illegal. Appellant made no explanation to the officers at the time of arrest, of the facts and circumstances above detailed, nor did he take the stand and testify on the trial.

The motion for rehearing will be overruled.

· *Overruled.*