## L. C. WEBB v. THE STATE.

No. 16766. Delivered June 29, 1934.
Rehearing Denied October 24, 1934.
Reported in 75 S. W. (2d) 109.

The opinion states the case.

*Houtchens & Houtchens* and *J. Harold Craik,* all of Fort Worth, for appellant.

*Jesse E. Martin,* Dist. Atty., and *Cal Estill* and *H. C. Wade,* Asst. Dist. Attys., all of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, two years in the penitentiary.

We notice appellant's propositions in their order in the brief on file in his behalf. No process having been issued for the witness Rooker, who was absent, and for whom a continuance was sought,—and the only diligence appearing being that Rooker had promised to come when written to, and that a letter had been so written to him, there was no error in denying appellant's application for continuance. In each case cited by appellant, due diligence was shown. None here appears. Smith v. State, 97 Texas Crim. Rep., 6; Garlington v. State, 99 Texas Crim. Rep., 331; Jordan v. State, 96 Texas Crim. Rep., 70.

We do not believe the statement of appellant made to Mr. Estill in Dallas on the night of the fire, was improperly received. Mr. Estill was assistant district attorney of Tarrant County. It was shown that when appellant came to the door of his daughter's residence Estill asked him some question, and appellant replied "I have been right here all day; I haven't been out of the house all day." The bill of exceptions shows that when witness Goodwin began his answer above set out, appellant's counsel objected on the ground that appellant was under arrest. To this the trial court replied "If he was I will sustain it." The district attorney then asked Mr. Goodwin if appellant was under arrest, to which he replied "No,"—and then to the district attorney's question answered as above set out. It is certified in a qualification to this bill not only that no objection was then made to this answer, but upon the cross-examination of the same witness by appellant's attorney he was asked about what appellant said, and testified that appellant then said to Mr. Estill "I have been here at the house all day." The court properly overruled appellant's motion to strike out this testimony, made after further questioning of witness Goodwin, which developed the fact that Goodwin went to Dallas to arrest appellant and would not have allowed him to go free had he desired to do so. If it had been clear that appellant was under arrest, it would still be true that Mr. Goodwin testified in response to a question by appellant's counsel to the same statement without objection as that given in answer to the district attorney's question. Many authorities might be cited. See Countee v. State, 119 Texas Crim. Rep., 133.

Manifestly there was no error in overruling appellant's motion to quash the indictment. The indictment charged that appellant burned a house situated at 906 Lipscomb Street, in

the City of Fort Worth, Tarrant County, which was then and there occupied by him. Plainly the court could not tell at the time the motion to quash was overruled, what testimony would be developed. The indictment charged the offense of arson. However, in view of appellant's exceptions to the court's charge and his asking of a special charge to acquit because of a claimed variance between the testimony to the effect that appellant owned the house and the charge in the indictment which merely alleged that he was the occupant thereof, we will consider together the various questions bearing upon the sufficiency of the indictment and the question of variance. It was alleged and proved that appellant was the occupant of the house in question, and it was proved without controversy that it was situated in the City of Fort Worth, and there was no dispute of the fact that it belonged to appellant at the time of the fire. It is true that in Texas Jurisprudence, vol. 4, at p. 814, appears the statement: "Inasmuch as the owner of a house may in certain circumstances destroy the building by fire or explosion, an indictment against an owner or part owner must contain an allegation as to ownership, accompanied by an averment of facts which render him amenable to prosecution." Mulligan v. State, 25 Texas App., 199, is cited in support of this text. In the opinion in said case it is said: "But an indictment against an owner or part owner for burning his own house * * * must allege ownership in the accused, and the particular facts which may bring him within the exceptions as amenable to prosecution." We call attention to the fact that the statement above quoted from the Mulligan Case was dicta, it having been already held by the court in its opinion in that case that the structure destroyed by fire was not a house but a pile of logs. Attention is called to the context to the above quoted excerpt from the Mulligan Case in which it is said that a tenant during his lease would be a part owner * * * and would be the party entitled to possession,—also that arson is regarded as an offense against the security of the habitation rather than that of the property and true ownership. The quoted excerpt mentioned refers to Tuller v. State, 8 Texas App., 501, examining which we find it is there said that "actual title and true ownership can rarely be a matter for material inquiry" in arson cases, and we also find the following statement: "The court will not inquire into the tenure or interest of the occupier or person in possession of the house, if in fact it is the dwelling of such person." We further quote a significant statement of Judge Clark in said opinion as follows: "Our

statutes provide that the owner of a house may commit arson by burning it, under certain circumstances, among which is enumerated, when there is within it any property belonging to another. Penal Code, arts. 658, 659. The 'owner,' as herein designated, may be properly regarded as, and better styled, the 'occupant.' "

We fail to find support in Tuller Case for the statement quoted from the opinion in the Mulligan Case, supra. In Allen v. State, 62 Texas Crim. Rep., 506, appears the following: "It is sufficient to prove possession of the property by parol testimony, since the offense is directed against the possession and occupancy, rather than against the absolute ownership, and the allegation of ownership is merely to describe and identify the subject of the crime, and the title is not in issue. This has been the holding of this court, so far as we can ascertain by reading the cases, and such is the doctrine announced in State v. Burrows, Houst. Crim. Case (Del.), 74; State v. Meyers, 36 Pacific, 1051; Knights v. State, 76 Am. State Rep., 78; State v. Elder, 21 La. Ann., 157; State v. Jaynes, 78 N. C., 508; State v. Daniel, 28 S. E., 255, and authorities cited by these cases." In Pinckard v. State, 62 Texas Crim Rep., 602, it is said "In arson a person in control of a building may be alleged as the owner or occupant of the building." Again in Nash v. State, 121 Texas Crim. Rep., 15, we said: "Arson is directed more against the possession and occupancy than toward the ownership of the destroyed property." Again, in the same opinion, quoting from Goldsmith v. State, 46 Texas Crim. Rep., 559, appears the following: "It is sufficient to prove possession of a property by parol testimony, since the offense is directed against the possession and occupancy, rather than against the absolute ownership, and the allegation of ownership is merely to describe and identify the subject of the crime, and the title is not in issue."

The proposition is discussed and supported by many authorities in the Nash case, that the real purpose of alleging ownership in an indictment for arson is to identify the property, and that actual possession and occupancy is a sufficient circumstance to support an allegation of ownership in such occupant.

It seems plainly requisite that there must be such description or designation of the house. involved, in an indictment for arson, as that the accused may know from the averments the particular building referred to, but since neither the actual title holder of such building, nor any lessee, tenant or occupant thereof, could have a right to wilfully burn it, if in a city,

or the property be insured, etc.,—no sufficient reason could be advanced why an allegation of occupance by the accused would not be as sufficient as that of any other phase of ownership pleaded to describe the building, and in our opinion it was and is, and we have concluded that the holding in the Mulligan Case, supra, or any other opinion in this State to the contrary, if there be any, should be and the same is hereby overruled.

Appellant complains because in the argument of the district attorney he asserted to the jury that appellant's own daughter had made him out a liar, and that was what he was; that is, a man who does not tell the truth is a liar. Said attorney was discussing appellant's testimony that he did not leave his daughter's house in Dallas in his car on the afternoon of the fire, and was calling the jury's attention to the daughter's testimony and her written statement obtained soon after the fire in which she said that appellant did leave her house in his car on said afternoon. The cases cited in appellant's brief would not justify the establishment of a precedent that an attorney might not argue to a jury that the testimony before them made the accused out a liar. In some of the cases cited by appellant the language used was a great deal stronger than that here. In the only one which reflected the use of similar language, the vice in the argument complained of was that the attorney said that of his own knowledge the accused was a liar. This involves a very different principle. Complaints in appellant's motion for new trial and brief of other argument, in the absence of a bill of exceptions,—bring nothing before us for review.

By several bills of exception complaint is made of the reception of testimony showing that insurance policies had been issued to appellant on said house and its contents prior to the fire. This was objected to because ownership of the house was not alleged in appellant. In Wilkerson v. State, 119 Texas Crim. Rep., 4, we held proof that the property was insured, admissible to prove motive for the fire, irrespective of whether or not there was an averment in the indictment that the property was insured. For the same purpose we would think it proper to prove that this house was insured, regardless of whether there was an averment of ownership,—but in our view, as above set out, the allegation of occupance in an arson case would render unnecessary further allegation of ownership on facts like these before us, and when the proof shows,—as it does here,—that the occupant was also the owner, there could be no doubt of the admissibility of the testimony regarding the insurance.

The testimony of the State was amply sufficient if believed to make out the case. What was found in the house by members of the fire department who answered the alarm, clearly evidenced thorough and careful preparation to destroy the house and contents by fire. Appellant owned the house and furniture. Same were amply covered by insurance. Same were in a city. Appellant's defense was alibi,—that he had gone to Dallas several days before the fire, and had not been back to Fort Worth in the interim. State witnesses testified to seeing appellant leave said house in his car about the time smoke began coming from the building. His daughter living in Dallas, and with whom he said he stayed, made a written statement, which was in evidence, in effect that appellant took his car and left her house the afternoon of the fire. There had been rain. Officers saw tracks of a car in appellant's driveway at Fort Worth and carefully took up a layer of earth containing said tracks and took it to Dallas and compared it with tracks there made by appellant's car and testified that they were the same; also that appellant's car had casings whose tread corresponded to the tracks. We find no reversible error in the record and believe the facts sufficient.

The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have reviewed the record in the light of the appellant's motion for rehearing.

We have been referred to no additional authorities.

We have read carefully the various propositions submitted by the appellant by way of argument.

We are impressed with the view that the appeal was properly disposed of on the original hearing.

The motion for rehearing is overruled.

*Overruled.*