JOSEPH BANKS V. THE STATE.

No. 21747. Delivered November 19, 1941.
Rehearing Denied January 7, 1942.

The opinion states the case.

*David Hubert O'Fiel* and *David E. O'Fiel, both* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of arson. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant and Miles Hamilton were jointly indicted for wilfully burning the house of M. H. Foster, situated in the town of Port Arthur, Texas. The accused men filed a joint motion in which they asked for a severance with the request that appellant be tried first. The motion was granted by the court as prayed for and appellant alone went upon trial.

The indictment in this case contained four counts. In the first it was charged that on or about the 28th day of January, 1941, Miles Hamilton and Joseph Banks, in Jefferson County, Texas, did then and there unlawfully and wilfully burn a house of M. H. Foster, there situate. In the second count it was charged that Miles Hamilton and Joseph Banks did then and there unlawfully and willfully burn a house of M. H. Foster, there situate, the same being then and there owned by the said M. H. Foster, and the said house being then and there insured against loss and damage by fire. In the third count it was charged that Miles Hamilton and Joseph Banks did then and there unlawfully and wilfully burn a house of M. H. Foster situated in Jefferson County, Texas, the said house being then and there owned by the said M. H. Foster and the said house being then and there insured against loss and damage by fire, they, the said Miles Hamilton and Joseph Banks well knowing that the said house was then and there insured against loss and damage by fire; and the said Miles Hamilton and Joseph Banks did then and there burn a house of M. H. Foster with the consent of M. H. Foster and at the instigation of the said M. H. Foster. In the fourth count it was charged that Miles Hamilton and Joseph Banks did then and there unlawfully and wilfully burn a house of M. H. Foster, there situate, the said house being then and there owned by the said M. H. Foster and being then and there insured against loss and damage by fire; and the said Miles Hamilton and Joseph Banks being employed by the said M. H. Foster to burn the said house aforesaid.

The court submitted the case to the jury on the first count of the indictment.

Appellant takes the position that since it was charged in the indictment that M. H. Foster was the owner of the building but the proof shows that Mrs. M. H. Foster was actually the owner thereof, there was such a variance between the allegation and the proof that the conviction cannot stand. The allega-

tion of ownership is merely to indicate and identify the subject of the crime, and the title to the property is not in issue. Hence, it is permissible to charge ownership in the person who was in actual possession and control thereof. In arson, possession is ownership except when one, not the real owner but merely in possession thereof, burns the house he occupies. Since there is evidence in the record that M. H. Foster was operating a motor supply business and filling-station in the building, was in possession thereof and used the building in the conduct of his business, it was proper for the State to charge in the indictment that he was the owner thereof. See Wyley v. State, 34 Tex. Cr. R. 515; Allen v. State, 62 Tex. Cr. R. 501; Pinckard v. State, 62 Tex. Cr. R. 602.

Appellant's next contention is that the evidence is insufficient to justify and sustain his conviction.

David Rachal, the fire chief, testified that when he arrived at the building it was in flames; that the windows and doors were blown out, which indicated that there had been an explosion on the inside, which blew the door and window frames out in the street; that he remained at the building until after the fire was extinguished and the walls had sufficiently cooled for him to enter it. He found therein approximately 150 cans of lubricating oil stacked on the floor which the heat had caused to explode and oil was running all over the floor. He also found two five-gallon cans which carried the odor of gasoline but which were empty at the time. These cans were also sitting on the inside of the building, on the right hand side of the door leading into it from Sixth Street.

Sylvester Johnson testified that he went to the filling-station in question in the early part of the night and saw appellant servicing cars there; that he saw him put gasoline into a five-gallon can and set it inside of the station; that appellant and two others left the station and rode around in a truck.

Steve Rogers testified in substance to the same facts as did Sylvester Johnson.

Appellant did not testify or offer any affirmative defense. In his confession, which he did not repudiate, he admitted his connection with the burning of the building in consideration of $125.00 promised to be paid him by Foster; that he had

worked for Foster about seven or eight months. It further appears from his confession that he put five gallons of gasoline in a can, placed it in the back part of the building on the night in question; that he closed up about eight o'clock and then got Miles Hamilton, his co-defendant, to burn it down; that they rode around for some time, went to a dance and danced until about 2:30 A. M., and then came back to the filling-station; that he showed Hamilton where the can of gasoline was; that Hamilton shoved it all over the floor and then struck a match; that they then ran to the truck and left.

We are not unmindful of the fact that an accused cannot be convicted on his extrajudicial confession standing alone, but there must be other facts and circumstances which corroborate his confession and which, when taken together with the confession, establishes his guilt beyond a reasonable doubt. In our opinion, there are circumstances and evidence from other sources which, together with his confession, are sufficient to justify the jury in their conclusion of his guilt.

Appellant's next contention is that the trial court erred in declining to instruct the jury to the effect that the owner of a building, unless the same be insured or situated in a city so near to other buildings as to endanger them, would have a right to burn his own building; and inasmuch as Foster would have a right to burn his building without offending against the law, his agent or employee would have the same right because the act of the agent is the act of his principal. We cannot agree to this as a sound legal proposition for the reason that a tenant who is in possession of a house, although it was not insured and was not in close proximity to any other buildings, would not have a right to burn that building, notwithstanding the fact that under the law it might be charged that he was the owner by reason of being in actual possession and control thereof. Consequently, since the building in question belonged to Mrs. Foster and M. H. Foster at the time in question had possession and control thereof, the State could charge ownership in M. H. Foster, but this would not authorize him to burn the building without offending against the law; and since he would not be immune from punishment had he burned the building, his agent or employee could not be immune against prosecution and punishment for doing so.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

It is insisted that because of the fact that the count of the indictment under which the conviction was had alleges the ownership to be in M. H. Foster, and the proof shows the same to be in his wife, Mrs. M. H. Foster, that the allegation and proof do not correspond, and therefore a reversal should be had herein. Mr. Foster himself testified that the burned building was the property of his wife, while appellant testified, by means of his confession, that he worked for Mr. Foster at the place that was burned. Relative to the question of the ownership allegation, we are cited to Art. 402, C. C. P., which should settle this matter. This article says in part:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. * * * Where it is the separate property of a married woman, the ownership may be alleged to be in her, *or in her husband*. * * *."

This article has been construed to apply to arson cases. See Morgan v. State, 22 S. W. (2d) 461.

If this property was occupied and in the possession of M. H. Foster, then the allegation and proof are in correspondence; if same was the community property of Foster and his wife, then the allegation of ownership in the husband's name was correct; if the property was the separate property of the wife, we still find the allegation of ownership in the husband to be correct. In any of these events, Art. 402, C. C. P. seems to show that the State's allegation of ownership in M. H. Foster to be proper and legal.

We think this case has been properly disposed of in our original opinion, and the motion is therefore overruled.