ANGLAND PITTS *alias* V. STATE.

No. 24220. January 26, 1949.
State's Motion for Rehearing Granted June 1, 1949.
Appellant's Motion for Rehearing Denied June 24, 1949.

*Dick Young* and *King C. Haynie* (on appeal only) for appellant.

*A. C. Winborn*, Criminal District Attorney, and *E. T. Branch*, Assistant Criminal District Attorney, Houston, and *Ernest S. Goens*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for attempt to commit the crime of arson; the punishment, eighteen months in the penitentiary.

The count in the indictment upon which this conviction rests charged, in effect, that appellant wilfully attempted to set fire to and burn the house of Claude Ellis.

The elements of the offense of arson become an integral part of the offense here charged, because the attempt must be such as, if consummated, the offense of arson would have been committed.

Arson is the wilful burning of a house, under certain circumstances (Chapter One, Title 17, P. C.). These are: (a) The burning of the house of another, (b) the burning of a house by the owner (Art. 1312, P. C.), and, (c) the burning of a house by a part owner (Art. 1313, P. C.). As to the first, the offense is complete upon the wilful burning of the house, without reference to its location or surroundings; as to the second, the owner is guilty of arson only under certain circumstances (Art. 1312, P. C.) ; as to the third, the statute says merely that one part owner of a house may not burn it (Art. 1313, P. C.).

There is no statute making clear whether a burning by part owner is a burning of the house of another or a burning of a house by owner.

The instant indictment charged that appellant attempted to burn the house of Claude Ellis.

The state's case must stand or fall upon the allegation that Claude Ellis was the owner of the house, the burning of which was attempted.

It is the appellant's contention that the facts wholly fail to establish this allegation.

It is the state's contention that the facts are sufficient to so show but that, if they do not, the facts are sufficient to show that Claude Ellis was a part owner of the house with the appellant and therefore the allegation of the indictment is sufficient to support appellant's conviction as part owner for attempting to burn the house.

The conviction rests, alone, upon the testimony offered by the state.

The facts abundantly establish that appellant attempted to burn the house. The sole issue is whether the facts show that she was the owner or part owner thereof. The house was a four room frame dwelling occupied by Claude Ellis and appellant. The record does not reflect who held the legal title thereto, or by what authority appellant and Claude Ellis occupied the same—that is, as tenant or otherwise.

Claude Ellis did not testify because, according to facts certified as true in a bill of exception, he was the common law husband of appellant and the state was thereby precluded from calling him as a witness.

There is an absence of any testimony showing either that Claude Ellis was in or about the house at the time of the alleged offense or when he was last seen at the house.

One witness testified that Claude Ellis had resided in the house for twenty-two years and that appellant had resided there for a little over two years. The witness further testified, "No one else lives in that house but the defendant and her husband . . . She and Claude Ellis run that house." Another witness testified, "Angland (appellant) has lived at that address about two years. She lived there with Claude Ellis . . . Angland's house has a fence around it."

A member of the Houston fire department, called to answer the fire alarm, testified, "This defendant is the one that said it was her house; she could burn it if she wanted." Another member of the fire department testified, "She (appellant) said that she could burn the house down if she wanted to; it was hers."

Under these facts it may be said that the house was occupied by appellant and Claude Ellis, her husband, as their place of residence. She (appellant) claimed the house was hers. There is an absence of any testimony showing that Claude Ellis was the actual owner of the house, or that he had any right, title, or interest in and to the possession or occupancy thereof superior to that of the appellant.

In the crime of arson, ownership of the burned house is deemed to be in the person having the right of possession thereof. Actual ownereship or legal title is not the criterion. 4 Tex. Jur., p. 807, Sec. 10; Simms v. State, 114 Tex. Cr. R. 51, 24 S. W. 2d 39; Morgan v. State, 114 Tex. Cr. R. 478, 22 S. W. 2d 461; Banks v. State, 143 Tex. Cr. R. 61, 157 S. W. 360; Hamilton v. State, 145 Tex. Cr. R. 78, 165 S. W. 2d 737.

Under the facts stated, it is apparent that the testimony fails to show that Claude Ellis was the exclusive owner of the house attempted to be burned. The most favorable construction to be given the facts is that Claude Ellis and appellant were jointly occupying the house as husband and wife and were, therefore, part owners thereof, within the meaning of the arson statute.

The question decisive of this case, then, is whether a conviction for arson against a part owner may be predicated upon an indictment alleging the burning of the house of another part owner, without alleging that the burning was by a part owner. This appears to be a question of first impression in this state.

In the case of Mulligan v. State, 25 Tex. App. 199, 7 S. W. 664, we find this expression:

"But an indictment against an owner or part owner for burning his own house must allege ownership in the accused, and the particular facts which may bring him within the exceptions as amenable to prosecution."

In Kelley v. State, 44 Tex. Cr. R. 187, 70 S. W. 20, the Mulligan case was cited as sustaining the proposition that the offense of arson may be committed by a tenant in possession in the burning of the house of the owner.

In Daniels v. State, 117 Tex. Cr. R. 18, 35 S. W. 2d 730, a conviction was sustained for the offense of attempt to commit arson. There, the indictment alleged joint ownership of the house in the accused and another. The Mulligan case was there cited as sustaining the proposition that the exception contained in Art. 1312, P. C., relative to the burning of a house by owner, should have been set forth in the indictment. In that connection, it was pointed out that the allegation in the indictment that the house was situated in a city met this requirement. The Daniels case appears to be authority for the proposition that one joint owner may be guilty of the offense of arson in the burning of a house situated within a city.

In Webb v. State, 75 S. W. 2d 109, 127 Tex. Cr. R. 201, the holding above mentioned in the Mulligan case was expressly overruled.

With the overruling of the rule announced in the Milligan case, there appears no authority presently existing in this state

setting forth the elements necessary to be alleged in an indictment in order to charge the offense of arson by a part owner.

The statute, Art. 1313, P. C., makes it unlawful for a part owner of a house to burn it. Obviously, therefore, to charge a violation of that statute, the indictment must, among other things, charge the burning of a house by part or joint owner.

The indictment in the instant case, not having so charged, is, therefore, insufficient to support a conviction for an attempt to commit arson, upon facts showing an attempt by a part owner to burn the house.

From what has been said, it follows that the judgment of conviction should be reversed and the cause remanded. It is so ordered.

Opinion approved by the court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

The state has filed a motion for a rehearing herein and cites us to many cases contrary to the dicta quoted in the Mulligan case, supra.

The statute is plain, and Art. 1313, Vernon's Ann. Tex. P. C., provides that "one of the part owners of a house is not permitted to burn it." In other words, an owner of a house is permitted under certain circumstances to burn his house, but a part owner can never burn a house. There may be some differences shown in the testimony as to appellant being a part owner of the property attempted to be burned. Title is but of little value, because as we held in Goldsmith v. State, 46 Tex. Cr. R. 556, 81 S. W. 710:

"Usually and generally it is sufficient to prove possession of property in cases of arson by oral testimony. Many cases have been written and some of them are referred to in State's brief, showing that arson is directed more against the possession and occupancy than towards the ownership of the destroyed property. As a general rule, that proposition is correct."

See Webb v. State, 127 Tex. Cr. R. 201, 75 S. W. (2d) 109, and many cases cited therein in which the holding cited in the original opinion in the Mulligan case, supra, was expressly overruled.

In the case of Simms v. State, 114 Tex. Cr. R. 51, 24 S. W. (2d) 39, we held that "where the indictment alleged the ownership of the property burned to be in a designated person, and the evidence shows that the house was owned by that person and his children, it has been held no variance." See Kelley v. State, 44 Tex. Cr. R. 187, 70 S. W. 20.

The testimony in the present instance shows that Claude Ellis had occupied this house for more than twenty-two years; that appellant had lived there with him for two years. It did not show any element of a common law marriage other than such living together. If they were husband and wife, then the ownership and possession should have been alleged to be in Claude Ellis. See Tuller v. State, 8 Tex. App. 401; Rogers v. State, 26 Tex. App. 404, 9 S. W. 762; Wyley v. State, 34 Tex. Cr. R. 514, 31 S. W. 393; Kelley v. State, supra. If appellant and Claude Ellis were not husband and wife, then her living there for two years would not deprive him of its use, occupancy and ownership arising therefrom.

We quote from Branch's Ann. Tex. P. C., p. 3, Art. 9, sec. 3, as follows:

"The leading and controlling rule in the construction of statutes, in fact, the primary and fundamental one, is to interpret them according to their true meaning and intent. To ascertain this intent it is the duty of the court to find, by other established rules, what was the fair, natural, and probably intent of the Legislature. For this purpose the language employed in the act is first to be resorted to. If the words employed are free from ambiguity and doubt, and express plainly, clearly, and distinctly the intent, according to the most natural import of the language, there is no occasion to look elsewhere."

We think the original opinion herein is incorrect wherein it holds that it was incumbent upon the pleader to allege that appellant was a part owner of the premises attempted to be burned. It is arson for a part owner to burn a house.

The state's motion for a rehearing is granted, the order of reversal herein is set aside, and the judgment is now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The chief contention in appellant's motion for rehearing is that this court erred in holding that Claude Ellis was the owner

of the house involved. It is stated in the motion that there is no evidence that Claude Ellis was the owner of the house, but that "* * * the evidence only shows that he lived there."

It was said in Banks v. State, 143 Tex. Crim. Rep. 61, 157 S. W. 2d 360 (at page 361) :

"The allegation of ownership is merely to indicate and identify the subject of the crime, and the title to the property is not in issue. Hence, it is permissible to charge ownership in the person who was in actual possession and control thereof. In arson, possession is ownership except when one, not the real owner but merely in possession thereof, burns the house he occupies. Since there is evidence in the record that M. H. Foster was operating a motor supply business and filling-station in the building, was in possession thereof and used the building in the conduct of his business, it was proper for the State to charge in the indictment that he was the owner thereof. See Wyley v. State, 34 Tex. Cr. R. 514, 515, 31 S. W. 393; Allen v. State, 62 Tex. Cr. R. 501, 137 S. W. 1133; Pinckard v. State, 62 Tex. Cr. R. 602, 138 S. W. 601."

The opinion on state's motion for rehearing sufficiently discussed other questions in the case. The appellant's motion for rehearing is overruled.