John **HARRIS, Jr.**, Appellant,

v.

The **STATE** of Texas, Appellee.
No. 43821.

Court of Criminal Appeals of Texas.

May 26, 1971.

Rehearing Denied July 14, 1971.

Second Rehearing Denied Oct. 26, 1971.

Monroe K. Walter, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Vic Pecorino, Asst. Dist. Attys., Hous-

ton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of attempted burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., life.

Appellant alleges two grounds of error.

First, contention is made that the trial court committed reversible error by refusing to grant motion for a directed verdict of acquittal on the grounds that there was a fatal variance between the allegation of ownership in the indictment and the proof thereof.

The indictment was presented and filed April 23, 1970, and alleged: " * * * that on or about the 9th day of June, A.D., 1969 * * * John Harris, Jr. * * * did attempt to break and enter a house then and there under the actual care, control and management of Ray Chung * *."

Ray Chung testified as follows:

"Q. (By the Prosecutor) Did you own that business on June 9, 1969?

"A. Yes, sir."

    *      *      *      *      *      *

"Q. Mr. Chung, did you give this Defendant, John Harris, Jr., or anyone else consent and permission to enter or attempt to enter your premises there at that location?

"A. No. I did not."

And on cross-examination:

"Q. Is your father presently living?

"A. No. He passed away in September.

"Q. September, 1969?

"A. Yes, sir.

"Q. Who owned the business then in June, '69?

"A. It was my father's.

"Q. Have you since inherited the business or a portion of it?

"A. Yes, sir. Both me and my mother now.

"Q. It is yours and your mother's now?

"A. Yes, sir."

■ The evidence is sufficient to support a finding that the witness was the owner, or joint owner, on the date the offense was committed. However, if the evidence was not sufficient, the record reflects that when the indictment was returned the father was deceased. Article 21.08, Vernon's Ann. C.C.P., provides that "When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, *or in any one of such heirs.* * * *" (Emphasis supplied)

We hold that in either event, i. e., if Ray Chung was an owner in common, or jointly, with his father on the date of the offense; or, if he was an heir on the date the indictment was returned, it was not error to allege in the indictment that he was the owner of said property. See Kelley v. State, 44 Tex.Cr.R. 187, 70 S.W. 20.

Ground of error number one is overruled.

■ By his other ground of error, contention is made that the judgment of the trial court recites that the appellant was guilty of the offense of burglary. We agree. There is a recitation in the judgment that the appellant is "guilty of the offense of *burglary* with intent to commit theft."

The said judgment is reformed to read "Attempted Burglary," to conform to the indictment and the verdict of the jury.

There being no reversible error, the judgment, as reformed, is affirmed.

### OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Appellant strongly urges that the Court erred in holding that the evidence was sufficient to support a finding that the son was the owner or joint owner on the date of the alleged offense. Ray Chung, on direct examination testified without objection that he owned the business on the date alleged in the indictment, to wit, June 9, 1969. On cross-examination it was developed that his father owned the business on that date and that he had "since inherited the business or a portion of it." He testified on cross-examination that he had worked around the store for almost seven years or since he was fifteen years of age, that he had gone down many times to answer and investigate a burglar alarm that was ringing. The jury, being the trier of the facts, had sufficient evidence to and did conclude that the son, Ray Chung, was the owner at the date alleged under the charge of the court.

The ownership must be established as of the date of the offense rather than the date of the indictment. That part of Art. 21.08, V.A.C.C.P., referred to in the original opinion, is for the purpose of pleading where the property is owned by an estate of a deceased person at the time of the commission of the offense.

Remaining convinced that no reversible error has been shown, the appellant's motion for rehearing is overruled.

ONION, P. J., not participating.