

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00545-CR

Santos Javier **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 2020-0276-CR
Honorable Roland Andrade, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: November 22, 2023

AFFIRMED

After a jury trial, Santos Javier Lopez was convicted of arson and sentenced to fifteen years of imprisonment and a fine of $5,000. On appeal, he argues the evidence is legally insufficient to support his conviction. We affirm.

### DISCUSSION

When reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319

(1979); *Griffin v. State*, 491 S.W.3d 771, 774 (Tex. Crim. App. 2016). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). The jury, as the sole judge of credibility, may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *Rivera v. State*, 507 S.W.3d 844, 853 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Thus, we resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Murray v. State*, 457 S.W.3d 446, 448-49 (Tex. Crim. App. 2015) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination.").

Further, a criminal conviction may be based on circumstantial evidence. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Circumstantial evidence is as probative as direct evidence in establishing guilt," and "circumstantial evidence alone can be sufficient to establish guilt." *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id*.

As authorized by the indictment, to prove Lopez was guilty of arson, the State was required to prove that he, with intent to damage or destroy a habitation, started a fire, knowing that the habitation was located on property belonging to another, namely GEO Group, Inc. *See* TEX. PENAL CODE § 28.02(a), (d)(2). At trial, there was evidence that Lopez, an inmate at the GEO Val Verde Detention Center covered a GEO camera with toilet paper and participated in a jail riot in which fires were set. Lopez concedes on appeal that the State demonstrated that he, acting alone or as a party, set fire to the GEO facility, with the intent to damage it. He disputes that the State proved that the damaged habitation was located on property belonging to another, namely, GEO Group, Inc.

In an arson prosecution, "[t]he allegation of ownership is merely to indicate and identify the subject of the crime, and the title to the property is not in issue." *Banks v. State*, 143 Tex. Crim. 61, 64, 157 S.W.2d 360, 361 (1941). It "is permissible to charge ownership in the person who was in actual possession and control thereof." *Id*. Accordingly, the Texas Penal Code does not restrict the definition of "owner" to title holders; instead, an "owner" for purposes of the Penal Code "means a person who: (A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor; or (B) is a holder in due course of a negotiable instrument." TEX. PENAL CODE § 1.07(a)(35). "Possession," in turn, "means actual care, custody, control, or management." *Id*. § 1.07(a)(39). Thus, under the Texas Penal Code, the definition of owner is "expansive" and "give[s] ownership status to anyone with a rational connection to the property." *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011); *see also Ex parte Davis*, 542 S.W.2d 192, 196 (Tex. Crim. App. 1976) ("The Legislature [has] recognized the concept that there are many types of possessory interests in property besides ownership in title.").

Because of the Penal Code's expansive definition, in arson prosecutions, a deed need not necessarily be admitted in evidence for there to be sufficient evidence of ownership. *See Tinker v. State*, 77 Tex. Crim. 506, 179 S.W. 572 (1915) (explaining that possession of property was sufficient to show ownership in arson prosecution and evidence of a deed was not necessary). Ownership may be proven through other means, including evidence of (1) possession through care, custody, or management, or (2) a right to possession superior to that of the defendant. *See Eaton v. State*, 533 S.W.2d 33, 35 (Tex. Crim. App. 1976) (explaining that the State may prove ownership under the arson statute by presenting evidence of title; possession; or a right to possession superior to that of the defendant). Further, when an owner "is a single entity rather than a natural person, the better practice may be to allege the single entity, such as Hewlett Packard, as the actual owner." *Garza*, 344 S.W.3d at 414. An employee of the entity may then give evidence of ownership. *Id*.

Here, there was evidence that at the time of the offense, GEO Group, Inc. had possession of the habitation through its care, custody, and management of the detention center. Tara Carrasco, who was employed with GEO Group, Inc. as a correctional officer, testified that on the day of the incident, she was working as shift captain at the GEO Val Verde correctional facility where the riot occurred. She testified that as shift captain, she oversaw the Val Verde correctional facility on behalf of GEO Group, Inc. She described the detention facility where the fire occurred, including where the correctional officers sat to monitor the inmates. She testified that a "shakedown" (a search of the inmates' living areas) had occurred during the shift prior to her being on duty. According to Carrasco, "[a]s part of GEO policy, if [the inmates] have anything in excess, be it extra uniforms, extra socks, anything that's not accounted for in policy, it's considered contraband . . . and it falls under excessive amounts." She testified the inmates on the day in question "were upset because they were not—they did not receive back their extra items." Carrasco explained that every item the inmates have in their possession, including everything from their clothing, bedding,

to personal hygiene objects, were given to them and that it was GEO policy to confiscate any excess items for safety reasons. Also admitted in evidence was a picture of the facility where the fire occurred. The picture shows on the wall of the housing pod a sign bearing the GEO corporate logo, which was in clear view of all inmates who resided in the pod. From the above evidence, a rational factfinder could have determined beyond a reasonable doubt that at the time of the offense, GEO Group, Inc. was in possession of the habitation through its care, custody, and management of the detention center. *See Eaton*, 533 S.W.2d at 35 (holding evidence that a person had the duty of controlling, auditing, and overseeing the operation of the property was sufficient to show he was in possession of property for purposes of arson prosecution). Thus, we hold the evidence is legally sufficient to show the damaged habitation was located on property belonging to another, the GEO Group, Inc.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

Liza A. Rodriguez, Justice

DO NOT PUBLISH